## Yeagle v. Yeagle

*Joseph P. Keliher*, for plaintiff.
*Greevy & Knittle*, for defendant.

WILLIAMS, P. J., February 11, 1954.—On January 29, 1953, plaintiff petitioned this court for additional counsel fees and additional costs of divorce and for an increase in alimony. An amended petition for additional counsel fees, additional costs and increase in alimony was filed on October 26, 1953.

Preliminary objections were filed to this amended petition which sets forth the various reasons for the objections. The main objection seems to be that the matter of counsel fees is res adjudicata.

From the pleadings it appears that on April 9, 1952, an order for counsel fees was made against defendant. Divorce was granted on October 14, 1952, and plaintiff then petitioned for additional counsel fees on January 29, 1953.

Defendant argues that plaintiff may only ask for additional counsel fees until the final decree is granted

and not afterward, and substantiates his position by the case of Baumhauer v. Baumhauer, 44 D. & C. 565. The court in this case ruled that "additional counsel fee may be allowed as the case progresses and not when it is ended, except where a petition for such was presented to the court before the proceeding was concluded."

The reasoning behind the ruling in the Baumhauer case was that to extend the time limit would place an additional uncalled for burden upon the husband and such extension would tend to continue litigation.

We cannot agree with this case and are of the opinion that a petition for additional counsel fees and expenses may be allowed even though applied for after the final decree. The court does not like to encourage such petitions but is of the opinion that, in some cases, complete additional counsel fees would have to be secured at least about the time of the final decree. Not until after the final decree is the attorney's work at an end. Even then, in the case of an appeal, there is more work to be done. Freedman on Divorce, page 970, reads as follows:

". . . it is difficult, in many cases, to determine the extent of legal services required until after the suit is well under way; and in many instances determination cannot be reached until after final decree, and, in some cases, not until after appeal. This is equally true of expenses. The cost of summoning witnesses, of securing transcripts of the testimony and of printing the briefs and record upon appeal cannot be ascertained with exactness until these expenses are actually incurred. Counsel fees and expenses may, therefore, be allowed even though applied for after final decree. It would, indeed, be a denial of justice to require the application to be made in anticipation of the expense and then to strike it down because the expense was not yet incurred. A fortiori, counsel fees and expenses may

be awarded after final decree where application is made during the pendency of the proceeding."

As to alimony, the amount of this can be changed if circumstances are shown to warrant a change.

The preliminary objections are dismissed.